U. S. COURTS

JUN 2 0 2005

REC'D_____FILED_____
CAMERON S. BURKE
CLERK  IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

D. SCOTT SUMMER,                    )
                                    )
            Petitioner,             )      Case No. CV 04-0387-S-MHW
                                    )
vs.                                 )
                                    )      **MEMORANDUM ORDER**
BOARD OF CORRECTIONS OF THE         )
STATE OF IDAHO, IDAHO               )
DEPARTMENT OF CORRECTIONS,          )
and TOM BEAUCLAIR, Director,        )
                                    )
            Respondents.            )
_____)

Pending before the Court in this habeas corpus action is Respondent's Motion for

Summary Dismissal (Docket No. 5).  Both parties have consented to the jurisdiction of a

United States Magistrate Judge to determine the matter.  *See* 28 U.S.C. § 636(c) and Fed.

R. Civ. P. 73.  Having completed a careful review of the briefing, and having reviewed

the record herein and the record of the state proceedings, the Court enters the following

Order granting in part and denying in part the Motion for Summary Dismissal.

**MEMORANDUM ORDER - 1**

# I.

## MOTION FOR SUMMARY DISMISSAL

**A.      Background**

After jury trial in state district court, Attorney D. Scott Summer ("Summer") was

convicted of one count of attempted grant theft by deception.  Summer was placed on

probation for five years, and the judgment of conviction was withheld.  On July 31, 2003,

the Idaho Supreme Court affirmed the conviction.  *See State v. Summer*, 76 P.3d 963

(Idaho 2003).  Summer filed the current federal habeas corpus action on July 29, 2004,

raising five claims of constitutional error.  *See Petition for Writ of Habeas Corpus*, pp. 3-

4 (Docket No. 1).

**B.      Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily

dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court."   In such case, the Court construes the facts in a light most favorable to the

petitioner.

When a court is considering a motion to dismiss, it may take judicial notice of

facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281

**MEMORANDUM ORDER - 2**

(9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id.*   Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by Respondent.  *See State Court Record* (Docket No. 7).

A habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that no state court remedy is available when he arrives in federal court.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review.  *Baldwin v. Reese*, 541 U.S. 27 (2004).  "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Id.* at 32.

---

[1] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**MEMORANDUM ORDER - 3**

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

In *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003), the Ninth Circuit held that citing to either a federal or a state case analyzing a federal constitutional issue is considered proper presentation of a federal claim. However, in *Casey v. Moore*, 386 F.3d 896, 912 (9th Cir. 2004), the Ninth Circuit clarified that where "the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issue, the federal claim is not fairly presented." In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court further clarified that, "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing." *Id.* at 1000 (citing *Baldwin*).

## C.   Discussion

Respondent contends that Summer's claims are procedurally defaulted because he did not fairly present them to the state courts. The Court shall consider each of the claims.

**MEMORANDUM ORDER - 4**

1.   The Indictment Violated Summer's Fifth Amendment Right to Due Process
and Sixth Amendment Right to a Fair Trial and to be Informed of the
Actual Nature and Cause of the Accusation Against Him as Applied to the
States through the Fourteenth Amendment

Summer argues that he properly exhausted Claim No. 1 by presenting it as the

following issue in his appellate brief: "Whether a Count in an Indictment Which Omits

One of the Elements of the Crime Charges an Offense or Must Instead be Dismissed."

*State's Exhibit B-1*, at p. 10 (Docket No. 7).  Summer particularly argued that the lack of

inclusion or identification of "an owner" in the indictment rendered it defective, so as to

deprive the state court of jurisdiction over the charge, relying on *State v. Byington*, 21

P.3d 943 (Idaho Ct. App. 2001), a felony injury to child case.

On appeal, Summer argued that *Byington* controlled his case because he had

objected to the sufficiency of the indictment *prior to* trial.  In *Byington*, the Idaho Court

of Appeals held that if a sufficiency of the indictment issue is raised *prior to* trial, then the

Court uses a higher level of scrutiny to determine whether the indictment should be

dismissed: the charging document must state all of the facts essential to establish the

charged offense.  *Id*. at 945.  If the charging document does not meet this standard, the

state district court lacks jurisdiction under state law, and the charge must be dismissed.[2]

On the other hand, a sufficiency of the indictment issue raised *after* trial is measured by a

---

[2]However, in such a case, the defendant can be re-prosecuted under a new indictment or
information containing all of essential elements. *See State v. Byington* (II), 81 P.3d 421 (Idaho
Ct. App. 2003).

**MEMORANDUM ORDER - 5**

more lenient standard: an indictment will be upheld "unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted. *State v. Robran*, 805 P.2d 491, 493 (Idaho Ct. App. 1991).

At the state district court level, Summer raised the issue of insufficient indictment prior to trial. The State offered to amend the information, but Summer objected to amendment. The trial court refused to allow the State to amend, but "found the indictment sufficient in that exact specificity as to the owner was not necessary – the allegation that Summer wrongfully intended to deprive another of property, satisfied the requirement that he intended to take the "property from the owner thereof." *State v. Summer*, 76 P.3d at 966.

A *Byington* argument is clearly a state law jurisdiction issue. In his brief, Summer carefully and deliberately made the distinction that he was not presenting a sufficiency of notice argument, but that he was presenting a sufficiency of the pleading argument based upon state law.[3] Summer purposely intended this claim to be a state law jurisdiction issue, and therefore he had no reason to support his sufficiency of the pleading issue with federal constitutional case law or references to the federal Constitution.

---

[3]Summers specifically argued not "surprise and prejudice," but "adequacy of pleading," and not whether "the indictment had sufficiency particularity to enable to accused to prepare a proper defense," but whether it contained "jurisdictional defects." See State's Exhibit B-1, Appellant's Opening Brief, at p. 15 (Docket No. 7).

**MEMORANDUM ORDER - 6**

When a claim that the trial court lacked jurisdiction is *based upon state law grounds*, it is not a cognizable federal claim. *See Poe v. Caspari*, 39 F.3d 204 (8th Cir. 1994); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998); *Rhode v. Olk-Long,* 84 F.3d 284, 287 (8th Cir. 1996), *cert. denied,* 519 U.S. 892 (1996); *U.S. ex rel. Roche v. Scully,* 739 F.2d 739, 741 (2d Cir. 1984) ("no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law"); *Willis v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *Erlich v. Pennsylvania*, 2005 WL 1114343 (D. Pa. 2005); *Lambert v. Blackwell*, 2003 WL 1718511 (D.Pa. 2003), *aff'd*, 387 F.3d 210 (3d Cir. 2004), *cert. denied,* − S.Ct. − , 2005 WL 306289 (U.S. May 31, 2005); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) (noting the issue without deciding it, stating, "[w]e are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law").

Summer's lack of jurisdiction claim is based upon Idaho statutes and the Idaho Constitution. Therefore, the sufficiency of the pleading claim Summers presented in his state appellate briefing does not provide a basis for asserting that Summer properly exhausted a federal habeas corpus claim.

**MEMORANDUM ORDER - 7**

The Idaho Supreme Court did not specifically address Summer's sufficiency of

the pleading argument[4] and addressed only a sufficiency of the notice issue – whether

"the information or indictment is sufficient to fairly inform the defendant of the charges

against him and whether it allows the defendant to plead an acquittal or conviction in bar

of future prosecution for the same offense." *State v. Summer*, 76 P.3d 963 (Idaho 2003).[5]

Because the Idaho Supreme Court chose to address the issue as a federal sufficiency of

---

[4]Summer's argument does not acknowledge that the Idaho Supreme Court may have recognized Summer's sufficiency of the pleading claim and simply rejected it without specifically addressing it. The standard of law set forth in *Byington* is that dismissal is warranted *only when* the charging document does not state all of the facts essential to establish the charged offense. The Idaho Supreme Court noted that, in Summer's case, the state district judge determined that the charging document *did* state all of the essential facts and that dismissal was *not* warranted. The Idaho Supreme implicitly agreed with this ruling by affirming the conviction.

[5]This standard of law was established by the United States Supreme Court. In *Hamling v. United States*, 418 U.S. 87 (1974), the Supreme Court provided an overview of the law governing sufficiency of indictments:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135 (1881). 'Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.' *United States v. Hess*, 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516 (1888).

*Id*. at 117.

**MEMORANDUM ORDER - 8**

the notice issue rather than a state jurisdictional issue, this Court concludes that the claim

has been fully exhausted as a Sixth and Fourteenth Amendment claim.

The Court disagrees with Respondent's argument that, if a state supreme court

addresses a constitutional issue even though the petitioner did not brief the issue, it is not

properly exhausted.  The purpose of exhaustion is to provide the state supreme court with

an opportunity to address an issue.  If the state supreme court has taken that opportunity

even *sua sponte*, the purpose of exhaustion is satisfied.  *See O'Sullivan v. Boerckel*, 526

U.S. at 845 ("the exhaustion doctrine is designed to give the state courts a full and fair

opportunity to resolve federal constitutional claims before those claims are presented to

the federal courts).  Summer may proceed with this portion of Claim No. 1 if he wishes,

but he may not proceed with the sufficiency of the pleading claim because it is not

cognizable.

> 2(A)  <u>Summer was Denied his Fourteenth Amendment Right to Due Process of
> Having to Defend Himself in the State of Idaho Against a Charging
> Document that did not Allege a Crime or a Victim of a Crime and as a
> result of the Jury Determination of Guilt Based upon a Victim that was not
> Alleged in the State's Underlying Indictment</u>

This claim appears to duplicate in part Summer's only cognizable claim regarding

sufficiency of the notice in the indictment.  Therefore, it is cognizable, but not as a

separate claim.

**MEMORANDUM ORDER - 9**

2(B). <u>Summer was Denied his Fourteenth Amendment Right to Due Process as a Result of the Jury Determination of Guilt Based upon a Victim that the Trial Court Specifically Ordered that the Summer did not have to Defend Himself Against as a New and Different Victim than that Found in the State's Charging Document</u>

It does not appear that this particular argument is included in Summer's appellate briefing. Therefore, it is procedurally defaulted. The Court cannot hear this claim unless Summer shows cause and prejudice or actual innocence.

3. <u>All of the Above Violated Summer's Right to Due Process of Law under the Fourteenth Amendment</u>

This claim appears to duplicate in part Summer's Claims 1 and 2(A). Summer briefed no federal due process claim; the Idaho Supreme Court addressed only the due process claim as limited above. Similarly, a claim that a petitioner's "broad federal due process right" was violated cannot be read to include a "more particular [due process] analysis [such as that] developed in cases such as *Sandstrom* [*v. Montana*, 442 U.S. 510 (1979)]." *Anderson v. Harless*, 459 U.S. 4, 7 (1982), cited in *Gray v. Netherland*, 518 U.S. 152, 163 (1996). Therefore, this claim is cognizable, but, like Claim No. 2(A), it is not a separate claim.

4. <u>The Idaho Supreme Court's Opinion Upholding Summer's Conviction Unreasonably Applied Federal Law to the Facts in this Case, violating Summer's Fourteenth Amendment Right to Due Process</u>

Respondent asserts that Summer never properly challenged the Idaho Supreme Court's Opinion as an unreasonable application of federal law and as a due process violation before the Idaho Supreme Court. Summer filed a Petition for Rehearing before

**MEMORANDUM ORDER - 10**

the Idaho Supreme Court after it affirmed his conviction. In his Memorandum supporting the Petition, he argued that the Idaho Supreme Court's opinion violated clearly established principles of Idaho law. He also made a conclusory statement that the opinion violated his due process rights under the Fifth and Fourteenth Amendments. *See State's Exhibit B-6*.

The Court first notes that constitutional error committed by state *appellate* courts *can* be a basis for habeas corpus relief. *See, e.g., Dunn v. United States*, 442 U.S. 100 (1979) (it is a violation of due process to affirm a conviction on a basis neither set forth in the indictment nor presented to the jury at trial). However, the error alleged must be an error of constitutional magnitude. *See Cola v. Reardon*, 787 F.2d 681, 697 (1st Cir. 1986) ("[O]ur role in reviewing habeas petitions from state tribunals is only to correct errors of constitutional magnitude. . . . We have here found a violation of due process under *Dunn*. The *Dunn* Court referred to the error before it as offending one of 'the most basic notions of due process.' Such violations in our view, are errors of constitutional dimension.").

In analyzing Claim No. 4, the Court makes a distinction between Summer's argument that the Idaho Supreme Court violated his constitutional rights by arbitrarily not applying *Byington* (grounded on state law) to his case ("Claim 4(A)"), and a potential argument that the Idaho Supreme Court violated his constitutional rights by not applying *Robran/Hamling* (grounded on federal law) to his case ("Claim 4(B)"), which seems to be nothing more than asking the Court to apply the §2254(b) standard to Claim No. 1(B).

**MEMORANDUM ORDER - 11**

The threshold question as to Claim 4(B) is whether there is habeas relief available when a state court applies a state jurisdictional law arbitrarily. The United States Supreme Court has noted:

> "[T]here is nothing in the clauses of the Fourteenth Amendment guaranteeing due process and equal protection which converts an issue respecting the jurisdiction of a state court under the constitution and statutes of the State into anything other than a question of state law."

*Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917). The Court more recently "reemphasized" that:

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Summer's Byington argument is similar to the argument the petitioner relied upon in *United States ex rel. Bedony v. Ahitow*, 1994 WL 240483 (D. Ill. 1994). On federal habeas review, Petitioner Bedony contended that his constitutional rights had been violated when the Illinois appellate court used a higher standard in his appeal than if he had been represented by counsel. The court explained:

> Even assuming, *arguendo*, that Bedony's contention that the Illinois appellate court used too high a standard is correct, Bedony would not necessarily be entitled to federal habeas relief. The Seventh Circuit has clearly stated: "[P]rocedural errors committed in the course of a state criminal trial are not a ground for federal habeas corpus. Only *constitutional* error is a ground. *This fundamental limitation on the habeas*

**MEMORANDUM ORDER - 12**

*corpus jurisdiction may not be got round by the facile equation of state procedural error to due process denial.*

*Id.* at *3 (emphasis added).

Therefore, the Court concludes that Summer's fourth claim is cognizable on habeas corpus review *only to the extent* that Summer's argument can be characterized as one that the Idaho Supreme Court wrongfully applied *Robran/Hamling*, and such a claim is merely the equivalent of Claim No. 1(B). Summer's assertion that the state appellate court arbitrarily chose not to apply *Byington* to his case, and in so doing, violated Summer's due process rights, does not transform the state law jurisdiction issue into a federal habeas corpus issue.

Having found only Claim No. 4(B) cognizable, the Court next turns to whether this issue has been properly exhausted in the state court system. The Court rejects Respondent's argument that *Johnson v. Bekins Moving & Storage Co.*, 389 P.2d 109 (Idaho 1963), controls exhaustion of this issue. Generally, in the Idaho state court system, the Idaho Supreme Court will not consider an issue when it is raised for the first time in a petition for rehearing. However, because this claim *originated* in the Idaho Supreme Court and is an alleged error of the Idaho Supreme Court, there would be no requirement that the petitioner take the issue to the state district court and complete "one full round" of exhaustion because an Idaho District Court has no authority to correct an alleged error in a decision of the Idaho Supreme Court. A lower state court has no

**MEMORANDUM ORDER - 13**

authority to rule that its own state supreme court has violated the constitution in reaching

a decision. *See People v. Ortiz*, 1999 WL 13558, at *2 (Ill. App. 1999); *see also United*

*States ex rel. Johnson v. Roth*, 1997 WL 83302, at *2 (D. Ill. 1997) ("Johnson's claim that

the appellate court violated his constitutional rights when it affirmed his armed violence

conviction while vacating his possession conviction clearly was not eligible for direct

appellate review, except by the Illinois supreme court.").

At the conclusion of Summer's *Byington* argument in his Memorandum in Support

of Petition for Rehearing before the Idaho Supreme Court, Summer argued:

> Clearly established principles of Idaho law require that failure to
> plead an element of an offense deprives the Court of jurisdiction to proceed
> and requires dismissal. *See Byington*, *supra*, and cases cited therein; *Hays*
> *v. States*, 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct. App. 1987); *State v.*
> *Grady*, 89 Idaho 204, 211-12, 404 P.2d 347, 351 (1965). Failure to accord
> Mr. Summer the benefit of these provisions of law and the Court's acting
> without jurisdiction constitutes a violation of due process of law in violation
> of the article 1, section 13 of the Idaho Constitution, and the Fifth and
> Fourteenth Amendments to the United States Constitution.

*State's Exhibit B-6*, at p. 5.

At most, Summer argued that failure to apply *Byington* was a violation of the Fifth

and Fourteenth Amendments, which the Court has already determined is not a cognizable

argument. Summer now attempts to expand the scope of his state appellate argument to

include a federal issue. The Court rejects that attempt and concludes that any *cognizable*

constitutional claims arising from the Fifth and Fourteenth Amendment are procedurally

defaulted.

**MEMORANDUM ORDER - 14**

At hearing, Summer clarified that the claim he now wished to assert was one that the Idaho Supreme Court applied prior Idaho case law (and subsequent case law)[6] differently to his case alone. He cited *Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964), as support. In *Bouie*, the convictions of the defendants were reversed because the United States Supreme Court determined that "the State has punished them for conduct that was not criminal at the time they committed it, and hence has violated the requirement of the Due Process Clause that a criminal statute give *fair warning* of the conduct which it prohibits." *Id*. (emphasis added).[7]  In other words, at the heart of *Bouie* is a sufficiency of *notice* issue (an underlying constitutional issue), not a sufficiency of *pleading/state law jurisdiction* issue (an underlying state law issue). In *Rogers v. Tennessee*, 532 U.S. 451 (2001), the Court explained:

> Our decision in *Bouie* was rooted firmly in well established notions of *due process. See supra*, at 5. Its rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those

_____

[6]Obviously, Summer could not have included an argument in his Petition for Rehearing that the Idaho Supreme Court applied *subsequent* case law differently.  This part of his claim is clearly procedurally defaulted.

[7]The *Bouie* Court noted:
> We think it clear that the South Carolina Supreme Court, in applying its new construction of the statute to affirm these convictions, has deprived petitioners of rights guaranteed to them by the Due Process Clause, if South Carolina had applied to this case its new statute prohibiting the act of remaining on the premises of another after being asked to leave, the constitutional proscription of ex post fact laws would clearly invalidate the convictions. The Due Process Clause compels the same result here, where the State has sought to achieve precisely the same effect by judicial construction of the statute.
*Id*. at 362.

**MEMORANDUM ORDER - 15**

> concepts bear on the constitutionality of attaching criminal penalties to what
> previously had been innocent conduct. *See, e.g.,* 378 U.S. at 351, 352, 354-
> 355.

*Id.* at 459.

Contrarily, in Summer's case, at the heart of his arbitrary application argument is a

state-law based claim.  The case law cited above is clear that a state-law issue cannot be

transformed into a federal issue merely by citing the Due Process Clause.  *See also U.S.*

*ex rel. Hampton v. DeTella*, 39 F.Supp. 2d 1031, 1039 (D.Ill. 1998) ("An allegedly

incorrect application of state law does not become a basis for habeas corpus relief simply

by recharacterizing it as an equal protection violation because some defendants have

different law applied to them.").[8]

---

[8]*Lewis v. Jeffers,* 497 U.S. 764 (1990), supports the rule that federal habeas review is not available unless at the heart of the challenge is a constitutionally-based principle.  In *Jeffers*, a capital case, the United States Supreme Court explained:

> Because federal habeas corpus relief does not lie for errors of state law, federal
> habeas review of a state court's application of a *constitutionally narrowed*
> aggravating circumstance is limited, at most, to determining whether the state
> court's finding was so arbitrary or capricious as to constitute an independent due
> process or Eighth Amendment violation.

*Id.* at 780 (internal citations omitted and emphasis added).  The constitutional basis of the aggravating circumstances question is more fully explained in *Maynard v. Cartwright,* 486 U.S. 356 (1988):

> Claims of vagueness directed at aggravating circumstances defined in
> capital punishment statutes are analyzed under the Eighth Amendment and
> characteristically assert that the challenged provision fails adequately to inform
> juries what they must find to impose the death penalty and as a result leaves them
> and appellate courts with the kind of open-ended discretion which was held
> invalid in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346
> (1972). *Furman* held that Georgia's then-standardless capital punishment statute
> was being applied in an arbitrary and capricious manner; there was no principled
> means provided to distinguish those that received the penalty from those that did

**MEMORANDUM ORDER - 16**

In conclusion, the Court finds that any claim that the Idaho Supreme Court violated Summer's Fourteenth Amendment rights by arbitrarily choosing not to apply *Byington* is noncognizable. Any claim that the Idaho Supreme Court violated Summer's Fourteenth Amendment rights by wrongly applying *Robran/Hamling* is encompassed by Claim No. 1(B) under the §2254(b) standard.

>5. <u>The Idaho Supreme Court's Opinion Violated Summer's Right to Be Free from Ex Post Facto Laws and Bills of Attainder Provisions of the Fifth Amendment if Allowed to be Applied to the Summer in this Case</u>

Claim No. 5 is procedurally defaulted because it was never presented in Summer's briefing or addressed sua sponte by the Idaho Supreme Court in the course of Summer's criminal case. The Court cannot adjudicate these claims absent a showing of cause and prejudice or actual innocence.

In addition, this argument is without merit. An ex post facto argument applies only to laws created by legislatures. *See Carmel v. Texas*, 529 U.S. 513, 520 (2000) (noting that the inclusion of the ex post facto provision in the Constitution was "[t]o prohibit legislative Acts contrary to the first principles of the social compact and to every principle of sound legislation"); *see* U.S. Const. art. I, §10 , cl. 1. Here, Summer is

---

not. *E.g., id.,* at 310, 92 S.Ct., at 2762-2763 (Stewart, J., concurring); *id.,* at 311, 92 S.Ct., at 2763 (WHITE, J., concurring). Since *Furman,* our cases have insisted that the channeling and limiting of the sentencer's discretion in imposing the death penalty is a fundamental constitutional requirement for sufficiently minimizing the risk of wholly arbitrary and capricious action.

*Id.* at 361-62.

**MEMORANDUM ORDER - 17**

asserting that the Idaho Supreme Court's failure to apply *case law* in a consistent manner

presents an ex post facto or Bill of Attainder problem.   In *Rogers v. Tennessee*, 532 U.S.

451 (2001), the Supreme Court rejected an argument similar to Summer's:

> Petitioner observes that the Due Process and *Ex Post Facto* Clauses
> safeguard common interests--in particular, the interests in fundamental
> fairness (through notice and fair warning) and the prevention of the
> arbitrary and vindictive use of the laws. Brief for Petitioner 12-18. While
> this is undoubtedly correct, see, *e.g., Lynce v. Mathis,* 519 U.S. 433, 439-
> 440, and n. 12, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), petitioner is mistaken
> to suggest that these considerations compel extending the strictures of the
> *Ex Post Facto* Clause to the context of common law judging. The *Ex Post
> Facto* Clause, by its own terms, does not apply to courts. Extending the
> Clause to courts through the rubric of due process thus would circumvent
> the clear constitutional text. It also would evince too little regard for the
> important institutional and contextual differences between legislating, on
> the one hand, and common law decisionmaking, on the other.

*Id.* at 460.

Similarly, the prohibitions against Bills of Attainder are specifically addressed to

legislatures. *See* U.S. Const. art. I, § 9, cl. 3. (Congress) and art. I, §10 , cl. 1 ("no state

shall. . . pass any Bill of Attainder"). A bill of attainder is "a law that *legislatively*

determines guilt and inflicts punishment upon an identifiable individual without provision

of the protections of a judicial trial." *Nixon v. Administrator of Gen. Services,* 433 U.S.

425, 468 (1977) (emphasis added).

Accordingly, Summer's Claim No. 5 is denied on the merits.  Therefore, there is

no need for Summer to show any excuse for procedural default of this claim.

**MEMORANDUM ORDER - 18**

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 5) is GRANTED in part and DENIED in part. The sufficiency of the pleading/jurisdiction portions of Summer's Claim No. 1 and Claim No. 4(A) are dismissed as noncognizable. Summer's Claims No. 2(A), 3, and 4(B) are dismissed as unnecessary duplicitous versions of Claim No. 1. Summer's Claim No. 2(b) is conditionally dismissed as procedurally defaulted. Claim No. 5 is denied on the merits. Summer may file a brief asserting that cause and prejudice or actual (factual) innocence exist to excuse his procedural default, except as to Claim 5. At the time he files his brief, Summer shall notify the Court whether he wishes to proceed on the sufficiency of notice portion of Claim 1 – whether the information or indictment was sufficient to fairly inform the defendant of the charges against him and whether it allows the defendant to plead an acquittal or conviction in bar of future prosecution for the same offense.

IT IS FURTHER HEREBY ORDERED that the parties shall adhere to the following schedule in this matter:

    A.    Summer's brief on cause and prejudice/actual innocence shall be due no later than **August 5, 2005**. Respondent may file a response, and Summer may file a reply, if desired.

**MEMORANDUM ORDER - 19**

B.   Motions for summary judgment on Claim No. 1 shall be filed no later than **sixty (60) days** after the Court enters an Order determining whether Summer has shown cause and prejudice or actual innocence. Responses and replies shall be due in accordance with the Local Rule 7.1.

DATED this ⅃3 day of June, 2005.

MIKEL H. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM ORDER - 20**