IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT SUMMER,                      )<br>                                                          )<br>            Petitioner,               )<br>                                                          )<br>vs.                                              )<br>                                                          )<br>BOARD OF CORRECTIONS OF THE  )<br>STATE OF IDAHO, IDAHO        )<br>DEPARTMENT OF CORRECTIONS,   )<br>and TOM BEAUCLAIR, Director,[1]   )<br>                                                          )<br>            Respondents.           )<br>_____) | Case No. CV-04-0387-S-MHW<br><br>**MEMORANDUM ORDER** |

Pending before the Court in this habeas corpus action is Respondent's Motion for Summary Judgment (Docket No. 18). The Court previously granted in part Respondent's Motion for Summary Dismissal (Docket No. 5) and ordered Petitioner to file a brief showing cause and prejudice or a miscarriage of justice to excuse the procedural default of Claim 2(B). Petitioner has not filed a brief, and, therefore, the Court shall dismiss Claim 2(B) with prejudice.

---

[1] The Court considers the proper Respondent in this case to be Tom Beauclair, as Petitioner is not currently in custody.

**MEMORANDUM ORDER - 1**

Also pending before the Court is Petitioner's "Memorandum in Support of Motion for Summary Judgment" (Docket No. 16). This does not have a separate accompanying motion and has not been docketed as a motion; however, Respondent has treated it as a motion and has filed a response, and the Court shall consider it a motion.

Both parties have consented to the jurisdiction of a United States Magistrate Judge to determine the matter. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having completed a careful review of the above-entitled action, including the record herein and the record of the state proceedings, and having considered the arguments of the parties, the Court enters the following Order.

# I.

# MOTIONS FOR SUMMARY JUDGMENT

## A.   Background

After a jury trial in state district court, Petitioner, an Idaho attorney, was convicted of one count of attempted grand theft by deception, arising from his attempt to settle a client's personal injury claim with an agent for the liable party in a deceptive and misleading manner. Petitioner was placed on probation for five years and the judgment of conviction was withheld. On July 31, 2003, the Idaho Supreme Court affirmed the conviction. *See State v. Summer*, 76 P.3d 963, 968 (Idaho 2003).

Petitioner filed his federal Habeas Corpus Petition on July 29, 2004, raising five claims of constitutional error. *See Petition for Writ of Habeas Corpus*, pp. 3-4 (Docket

**MEMORANDUM ORDER - 2**

No. 1).  As a result of Respondent's previous Motion to Dismiss, the Court dismissed Claims 1, 2(A), 3, 4(A), 4(B), and 5.  Claim 2(B) was conditionally dismissed as procedurally defaulted, subject to a showing of cause and prejudice or actual innocence to excuse the default.  As set forth above, because Petitioner has not submitted any briefing on this claim, the Court shall dismiss it with prejudice.

Remaining is the portion of Claim 1 challenging whether the indictment was sufficient to fairly inform Petitioner of the charges against him and whether it allows him to plead an acquittal or conviction in bar of future prosecution for the same offense.

**B.     Standard of Law**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure.  Rule 11, Rules Governing Section 2254 Cases.  Accordingly, summary judgment motions are appropriate in habeas corpus proceedings where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977).

**MEMORANDUM ORDER - 3**

In order to obtain federal habeas corpus relief from a state court judgment, the petitioner must show that the state court's adjudication of the merits of his federal claim either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 385 (2000), the United States Supreme Court explained that, to prevail under § 2254(d)(1), a petitioner must show that the state court was "wrong as a matter of law," in that it "applie[d] a legal rule that contradicts our prior holdings" or that it "reache[d] a different result from one of our cases despite confronting indistinguishable facts." *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000) (citing *Williams v. Taylor*). Or, a petitioner can prevail by showing that the state court was "[objectively] unreasonable in applying the governing legal principle to the facts of the case," or "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled," *Ramdass v. Angelone*, 530 U.S. at 166 (citing *Williams v. Taylor*); however, a petitioner cannot prevail under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.

**MEMORANDUM ORDER - 4**

The role of circuit court law on habeas corpus review is limited. A federal district court may use similar cases from the Ninth Circuit and other circuits to help determine whether Supreme Court law on a particular subject is "clearly established" and whether a state court decision is within the scope of "reasonable" applications of Supreme Court law, but a federal district court cannot overturn a state court decision on habeas review because of a conflict with Ninth Circuit law. *Duhaime v. Ducharme,* 200 F.3d 597 (9th Cir. 1999).

When a petitioner challenges the sufficiency of a state indictment on federal habeas corpus review, a federal district court may grant relief only if the state court error deprived the petitioner of a constitutional right; it may not review claims based on alleged state law violations. As the Court explained in its previous Order, Petitioner's *Byington*[2] argument is a state law issue that cannot be addressed on federal habeas corpus review. *See Order of June 20, 2005* (Docket No. 15).

Several provisions of the Constitution may apply to a sufficiency of an indictment claim, depending on whether the conviction challenged is a federal or state offense. First, the Fifth Amendment guarantee of the right to indictment by a grand jury applies only to federal convictions. The Supreme Court has long held that there is no federally protected right to indictment by a grand jury in state criminal proceedings. *Hurtado v. California*, 110 U.S. 516, 534-35 (1884); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972).

---

[2] *State v. Byington*, 135 Idaho 621, 21 P.3d 943 (Idaho Ct. App. 2001).

**MEMORANDUM ORDER - 5**

Second, the Fifth Amendment's protection against double jeopardy applies both to federal and state convictions.  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *State v. Windsor*, 716 P.2d 1182 (Idaho 1985).   Third, the Sixth Amendment's provision that "the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation," applies to both state and federal convictions.  *Alexander*, 405 U.S. at 633.

Fourth, a state or federal indictment may offend the Fourteenth Amendment's due process clause if it is unconstitutionally vague, or it may offend the equal protection clause if racial or other discrimination occurred in the grand jury process.  *Peters v. Kiff*, 407 U.S. 493, 496 (1972); *Alexander*, 405 U.S. at 632-33.

In *Hamling v. United States*, the Supreme Court provided an overview of the law governing sufficiency of indictments:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135 (1881). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516 (1888).

**MEMORANDUM ORDER - 6**

*Id*. at 117.  In summarizing modern principles governing indictments, the Supreme Court has observed: "The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded."  *Hagner v. U.S.,* 285 U.S. 427, 431 (1932).

On direct appeal in this case, Petitioner made only a state law jurisdictional defect (sufficiency of the pleading) claim relating to the indictment.  Petitioner did not make a constitutional (sufficiency of notice) claim.  However, the Idaho Supreme Court addressed the claim as if it were a sufficiency of notice claim.  In so doing, the Idaho Supreme Court did not set forth a particular constitutional provision under which it reviewed Petitioner's claim; rather, it relied on *State v. Robran*, 805 P.2d 491 (Idaho Ct. App. 1991), which in turn relied upon *Hamling v. U.S., supra*.  It appears that *Hamling* relies upon the Fifth, Sixth, and Fourteenth Amendments, although it does not so state.

This Court reviews the Idaho Supreme Court's decision as one based on the Sixth Amendment's notice provision, the Fourteenth Amendment's due process clause, and the Fifth Amendment's double jeopardy clause, in that order.

### C.   Decision of the Idaho Supreme Court

Petitioner was charged with and convicted of a violation of the following Idaho criminal statute:

> Theft - (1) A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.

**MEMORANDUM ORDER - 7**

> (2) Theft includes a wrongful taking, obtaining or withholding of another's property, with intent prescribed in subsection (1) of this section, committed in any of the following ways:
>> (a) by deception obtains or exerts control over property of the owner.
>
> . . .

Idaho Code § 18-2403(1), (2)(a).

The indictment against Summer stated:

> That, on or about November 6, 1996, in the County of Canyon, State of Idaho, the defendant, D. Scott Summer, did, with the intent to deprive another of property attempt to deceive another for purpose of obtaining $9,081.00 lawful money of the United States, to wit: the defendant, D. Scott Summer, while attempting to settle a claim, wrongfully attempted to deceive Eastern Oregon Claims Service to settle a claim for $9,081.00 well knowing that statements he was making in support of his demand for payment were false and misleading.

Based upon the foregoing, the Idaho Supreme Court decided:

> This Court has stated that the words used in the statute need not be strictly restated in the indictment. However, the indictment must present a plain, precise, and definite statement of essential facts constituting the offenses charged, contain the elements of the offense charged, fairly inform the defendant of what he is being charged with, and enable him to plead an acquittal or conviction in bar of future prosecutions. The indictment indicates that Summer attempted to take $9,081.00 by making false statements to Eastern Oregon Claims through the demand for settlement. The indictment is specific except on the point that Eastern Oregon Claims would not be responsible for payment. Boise Cascade as an independent insurer would pay from the property belonging to it. The indictment set forth sufficient facts to make it clear that Summer was charged with attempting to take the property from the owner of the property. That effort was made through deceptive materials sent to Eastern Oregon claims which was acting for the owner. There were sufficient facts alleged to allow Summer to mount a defense and to preclude further prosecution arising out of the deception to Eastern Oregon Claims. The indictment was not defective.

*State's Exhibit B-3*, at pp. 4-5 (internal citations omitted).

**MEMORANDUM ORDER - 8**

**D.     Discussion**

In order to prevail, Petitioner must show that the Idaho Supreme Court's opinion is an unreasonable application of *Hamling*.  Petitioner argues that Eastern Oregon Claims was not the actual owner of the $9,081.00, and that the indictment omitted the true identity of the owner, an element of the crime.  Respondent counters by arguing:

> [N]either the Constitution nor *Hamling* require that level of specificity. Rather, an indictment merely requires that the indictment "contain[] the elements of the offense charged and fairly inform[] [Summer] of the charge against which he must defend, and, second enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117.

*Respondent's Brief*, at p. 7 (Docket No. 18).

Based upon the facts in the record, the *Hamling* case, and a survey of the law following *Hamling*, this Court concludes that the Idaho Supreme Court's decision is not an unreasonable application of federal law.  Respondent cites cases from numerous jurisdictions to demonstrate the reasonableness of the Idaho Supreme Court's opinion. *See id.*, at pp. 7-10.  The Court finds Respondent's position persuasive.

For example, in *U.S. v. Stavroulakis*, 952 F.2d 686 (2d Cir. 1992), the court was faced with an analogous situation where it was clear to the defendants the crimes with which they were charged:

> Stavroulakis' principal argument is that by charging merely a sale of stolen checks, the indictment failed to allege a scheme that was intended to victimize a bank. We disagree. Common sense dictates that by charging a scheme to traffic in stolen, blank checks, the indictment accused defendant of engaging in a course of intentionally deceptive conduct directed at the drawee bank. Blank checks are of no value unless and until they are passed

**MEMORANDUM ORDER - 9**

>through the drawee bank. And, to be passed, a forged signature of the drawer necessarily has to be affixed to a stolen, blank check. Inherent in a sale of stolen checks is that they will eventually be presented to the drawee bank for payment; and payment over a forged signature exposes the bank to real loss. In most forgery situations, the bank will be legally liable, and, as the testimony here indicated, even in a number of those situations where the bank is not legally liable for paying over a forged signature, the bank will often swallow the loss for the customer. Thus, the requisite nexus between the seller of the stolen checks and the drawee bank is established by the nature of the sale of the stolen checks.
>
>We see no validity to the argument that stolen checks are of value to the thief in their pristine form solely because there is a nefarious market for them. The only reason such a market exists is that a purchaser of stolen checks will ultimately attempt to move them through the drawee bank. *Only the most witless thief could believe that he was receiving several thousand dollars for stolen checks because the purchaser of such checks values the paper on which the checks are printed*. Accordingly, we hold that the indictment here was sufficient to allege bank fraud.

952 F.2d at 694-95 (emphasis added).

Similarly, here, the agent of the owner was named in the indictment. Petitioner never had any doubt about the identity of the owner, whom he was attempting to defraud through its agent. Petitioner did not believe that Eastern Oregon Claims was at any time acting for itself or acting for anyone other than Boise Cascade regarding Petitioner's letter. There is no allegation that Petitioner was confused as to the transaction at issue. There is no allegation that there was a similar transaction with which it could be confused. Based on all of the foregoing, the Court concludes that the Idaho Supreme Court's decision was not unreasonable regarding Petitioner's contentions that the indictment did not give him fair notice or was unconstitutionally vague.

**MEMORANDUM ORDER - 10**

In addition, other courts have used different reasoning to uphold similar indictments, demonstrating that there are other reasonable grounds to support the Idaho Supreme Court's decision. For example, in *State v. Hull*, 575 P.2d 1015, 1019 (Or. App. 1978), the court decided that because stealing is an offense against the public, the allegation of ownership is not an "element of the crime," but rather a part of the description of the property stolen:

> " 'Larceny is an offense against the public . . . and the offense is the same whether the property stolen belongs to one person or several persons jointly . . . . The names of the owners of the stolen property constitute no part of the offense. They are stated in the information primarily as a matter of description for the purpose of identification and to show ownership in a person or persons other than the accused.' " 253 Or. at 285-86 n. 2, 453 P.2d at 945.
> This, in substance, is the meaning expressed in ORS 135.725: "When a crime involves the commission of or an attempt to commit a private injury and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material." *See State v. Smith and Leonard, supra*; *State v. Schindler*, 20 Or.App. 400, 531 P.2d 915, Sup.Ct. review denied (1975).
> We do not mean to say an allegation of ownership is unnecessary in an indictment. It is required as part of the description of the property, not as an element of the crime of theft, but to protect the defendants from the possibility of being charged twice for the same offense. *State v. Schindler, supra*; *State v. Nored*, 10 Or.App. 126, 498 P.2d 839, Sup.Ct. review denied (1972). It follows from these authorities and ORS 135.725 that if the evidence in this case is insufficient to establish ownership of the animal as that of Mr. Doman the variance is not material to proof of the crime and not fatal to the conviction.

*Id*. at 1018-19.

While *Hull* was decided on state law grounds, the reasoning is applicable by analogy here to Petitioner's Sixth and Fourteenth Amendment arguments. Petitioner was

**MEMORANDUM ORDER - 11**

accused of a public offense, in which the "owner" of the property was listed as Eastern Oregon Claims, the agent of the owner regarding the particular claim at issue, which was the demand letter to Boise Cascade for $9,081.00. Petitioner has provided no factual information showing how the indictment did not fairly inform him of the charge against which he must defend, or enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense. No one, including Petitioner, was of the opinion that the money belonged to Eastern Oregon Claims, Boise Cascade's agent. There are no allegations showing that Petitioner attempted to defraud any other owner of $9,081.00 on the date alleged, or that the letter Petitioner sent was referable to any owner other than Boise Cascade. The indictment sufficiently identified the owner of the property; the Court agrees with the Idaho Supreme Court that the description of the "owner" was not absent, but that it was satisfied by naming the owner's agent.

For all of the foregoing reasons, Petitioner has not shown that he was deprived of his Sixth or Fourteenth Amendment rights by the indictment. Petitioner has not shown that the Idaho Supreme Court's decision was unreasonable as to whether Petitioner was adequately informed of the nature and cause of the accusation or whether the indictment was unconstitutionally vague. As a result, he is not entitled to habeas corpus relief on this claim.

**E.    Double Jeopardy**

Petitioner's Fifth Amendment double jeopardy argument fails because "[p]rotection against double jeopardy is provided not only by the indictment, but by the

entire record in the first prosecution." *U.S. v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986). "It is the 'record [that must show] with accuracy' whether double jeopardy may later be pleaded." *Id*. (citing *Russell v. United States*, 369 U.S. 749, 764 (1962) ("it can hardly be doubted that the petitioners would be fully protected from again being put in jeopardy for the same offense, particularly when it is remembered that they could rely upon other parts of the present record in the event that future proceedings should be taken against them")).

Here, the indictment and the Idaho Supreme Court opinion make it abundantly clear that Petitioner's crime was attempted grand theft by deception for presenting a deceptive and misleading settlement offer for $9,081.00 to Eastern Oregon Claims as an agent for Boise Cascade. On this record, no double jeopardy problem can arise. Habeas corpus relief is not warranted on this claim.

**F.    Conclusion**

While Petitioner argues that the Idaho Supreme Court erred in determining that the indictment was sufficient as to the "owner" of the property, the foregoing sampling of cases and those others listed by Respondent in his briefing show that several reasonable legal theories exist by which courts have determined that similar factual circumstances do not violate the Constitution and *Hamling*. This Court is not persuaded that the Idaho Supreme Court was *incorrect or erroneous* in its application of federal law, which, in itself, is not a high enough showing for habeas corpus relief; the Court is certainly not persuaded that the Idaho Supreme Court's application of the law was *objectively unreasonable* given the facts of the case. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

**MEMORANDUM ORDER - 13**

The "objectively unreasonable" standard "denotes a greater degree of deference to the state courts" than even the "clear error" standard.  *Clark v. Murphy*, 331 F.3d 1062, 1068 (9th Cir. 2003); *see also Andrade*, 538 U.S. at 75-76.  Petitioner has not met the habeas corpus standard, and is therefore not entitled to relief.

## II.

## ORDER

NOW THEREFORE IT IS FURTHER HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 18) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Summary Judgment (Docket No. 16) is DENIED.  Petitioner's Petition is dismissed with prejudice.



DATED:  August 3, 2006

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM ORDER - 14**